IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff/Counter-Defendant,<br><br>v.<br><br>PANHANDLE EASTERN PIPE LINE COMPANY, LP,<br><br>   Defendant/Counterclaimant. | Civil Action No. 3:25-CV-01001-L |

## JOINT STATUS REPORT

In accordance with this Court's July 9, 2025 Order (ECF No. 15), counsel for the parties conferred via teleconference on July 24, 2025 and through exchange of emails thereafter, and now submit this Joint Status Report and proposed discovery plan.

## PROPOSED DISCOVERY PLAN

The parties desire to engage in settlement negotiations. To facilitate progress toward an early settlement and conserve party and judicial resources while settlement negotiations continue, the parties propose the deadlines for discovery set forth in the chart below. The parties' proposed timetable for the litigation allows sufficient time for the parties to discuss a settlement that may resolve this matter in full before commencing discovery efforts in earnest. If a settlement in principle is reached, the parties will so advise the Court.

The parties estimate that discovery will take approximately nine months. The parties anticipate that discovery in this matter will include multiple depositions and

substantial documentary discovery.  The parties may also engage experts during discovery and will adhere to the timeline provided by the Court's individual practices regarding the designation of experts.

| Event | Date |
|---|---|
| Deadline for United States to answer or otherwise respond to Counterclaim | September 8, 2025 |
| Deadline for joinder of parties and amending pleadings | November 3, 2025 |
| Deadline to exchange initial disclosures required under Fed. R. Civ. P. 26(a)(1) | November 5, 2025 |
| Discovery may commence | November 10, 2025 |
| Close of discovery | July 13, 2026 |
| Deadline to file dispositive motions | August 12, 2026 |
| Deadline to file motions in limine | 21 days prior to scheduled trial date |
| Trial set | February 2027 |

## ADDITIONAL MATTERS

**1.     A brief statement of the nature of the case, including the contentions of the parties.**

<u>Statement of the United States.</u>  This is a civil action brought by the United States against Panhandle Eastern Pipe Line Company, LP for injunctive relief and civil penalties for violations of the federal pipeline safety laws codified in 49 U.S.C. § 60101, *et seq*. and regulations codified in 49 C.F.R. Part 192.  The United States seeks injunctive relief and civil penalties for Defendant's violation of these federal pipeline safety laws and regulations pursuant to the Pipeline Safety Act, 49 U.S.C. § 60120.

<u>Statement of Panhandle Eastern Pipe Line Company, LP.</u>

Plaintiff the United States (the "Government") brought this civil enforcement action on behalf of the Pipeline and Hazardous Materials Safety Administration ("PHMSA") against defendant Panhandle Eastern Pipe Line Company, LP ("PEPL") for an alleged violation of the pipeline safety laws and regulations. *See* 49 U.S.C. § 60120(a); 49 C.F.R. § 192.605(a). PEPL owns and operates a natural gas pipeline system, and this enforcement action arises out of an unfortunate accident that occurred at PEPL's Borchers Station in Meade, Kansas, that resulted in the death of a PEPL employee. Three years after the accident, PHMSA brought an administrative enforcement proceeding against PEPL, alleging violations of pipeline safety regulations and seeking civil monetary penalties. Case No. CPF 4-2023-011-NOPV. That administrative enforcement proceeding raised a host of due process concerns, including *ex parte* communications and incomplete or inaccessible case materials. While that proceeding was ongoing, PEPL filed a lawsuit against PHMSA in the U.S. District Court for the Northern District of Texas, Amarillo Division, Case No. 2:25-cv-00023-Z, challenging the constitutionality of the administrative enforcement proceeding in light of the U.S. Supreme Court's ruling in *SEC v. Jarkesy*, 603 U.S. 109 (2024). PHMSA then withdrew the Notice of Probable Violation it had issued against PEPL and terminated the administrative proceeding. That same day, the Government filed the instant lawsuit and now brings its civil enforcement proceeding in federal court.

The Government alleges that PEPL violated 49 C.F.R. § 192.605(a) by failing to follow PEPL's internal manual of written procedures for pipeline operations, and that those

alleged failures were either a causal factor in the accident or increased the severity of the accident. The Government seeks civil penalties of an unspecified amount and injunctive relief.

PEPL denies all of the Government's claims and allegations that are not specifically admitted in its Answer to the Government's Complaint. Additionally, PEPL brings a counterclaim challenging the constitutionality of the Government's federal lawsuit. PEPL asserts that the Pipeline Safety Act constitutes an unconstitutional delegation of legislative power to PHMSA. Specifically, under the Pipeline Safety Act, Congress authorized PHMSA to institute enforcement proceedings for civil monetary penalties either within the agency, 49 U.S.C. § 60122, or in federal district court, *id.* § 60120. Congress, however, did not provide an intelligible principle to guide how PHMSA should decide which forum to utilize in any given case. Under the Fifth Circuit's decision in *Jarkesy v. SEC*, 34 F.4th 446, 462 (5th Cir. 2022), *aff'd and remanded*, 603 U.S. 109 (2024), this is impermissible.

2. **Any challenge to jurisdiction or venue.**

None at this time.

3. **Any pending or contemplated motions and proposed time limits for filing motions.**

The United States is considering whether to file a motion in response to the Counterclaim within the timeframe prescribed by Fed. R. Civ. P. 12. PEPL may file a motion for summary judgment.

Based on the facts of this case, the parties propose August 12, 2026 as the deadline for dispositive motions, which is thirty days after the close of discovery.

4. **Any matters which require a conference with the court.**

None at this time.

5. **Likelihood that other parties will be joined and the deadline for adding parties and amendment of pleadings.**

The parties do not anticipate joining additional parties or amending the pleadings. The parties propose a deadline of November 3, 2025 as the deadline to join parties or amend pleadings.

6. **(a) An estimate of the time needed for discovery, with reasons, (b) a specification of the discovery contemplated, and (c) limitations, if any, that should be placed on discovery. If these matters are specifically addressed in the proposed discovery plan, the parties need not address them here.**

See proposed discovery plan above.

7. **A statement that counsel have read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988), and that counsel have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.**

The undersigned counsel have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Tex. 1988) and have read and are familiar with the district's Civil Justice Expense and Delay Reduction Plan as amended in May 2002.

8. **Requested trial date, estimated length of trial, and whether a jury has been demanded.**

The parties propose a trial set for February 2027. The parties estimate the trial length to be three days. The United States has demanded a jury trial on all issues so triable.

9. **Whether the parties waive their right to proceed before a district judge of the United States District Court and consent to trial (jury or nonjury) before United States Magistrate Judge Renée Harris Toliver per 28 U.S.C. § 636(c).**

No.

**10.    Prospects for settlement, and status of any settlement negotiations.**

The parties are engaged in active settlement negotiations as discussed above.

**11.    Whether the parties will agree to mediation or other alternative dispute resolution, and when it would be most effective (before discovery, after limited discovery, or at the close of discovery).**

The parties are amenable to mediation or other alternative dispute resolution if the current settlement negotiations are unsuccessful.

**12.    Any other matters relevant to the status and disposition of this case.**

None.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

*/s/ Saurabh Sharad*
Saurabh Sharad
New York Bar No. 5363825
Brian W. Stoltz
Texas Bar No. 24060668
Assistant United States Attorneys
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8807
saurabh.sharad@usdoj.gov
brian.stoltz@usdoj.gov

Attorneys for the United States of America

|  |  |
|---|---|
| Vince Murchison<br>  Texas Bar No. 14682500<br>  Vince.Murchison@pipelinelegal.com<br>Haley O'Neill<br>  Texas Bar No. 24095105<br>   haley.oneill@pipelinelegal.com<br>MURCHISON O'NEILL, PLLC<br>325 North Saint Paul Street, Suite 2700<br>Dallas, Texas 75201<br>Telephone: (214) 716-1923<br>Facsimile: (844) 930-0089 | */s/ George M. Kryder*<br>George M. Kryder<br>  Texas Bar No. 11742900<br>   gkryder@velaw.com<br>VINSON & ELKINS LLP<br>2001 Ross Avenue<br>Dallas, Texas 75201<br>Telephone: (214) 220-7719<br>Facsimile: (214) 999-7719<br><br>William S. Scherman (admitted *pro hac vice*)<br>  D.C. Bar No. 384860<br>   wscherman@velaw.com<br>Jason J. Fleischer (admitted *pro hac vice*)<br>   D.C. Bar No. 978810<br>   jfleischer@velaw.com<br>VINSON & ELKINS LLP<br>2200 Pennsylvania Avenue NW<br>Suite 500 West<br>Washington, D.C. 20037<br>Telephone: (202) 639-6550<br>Facsimile: (202) 639-6604 |

*Attorneys for Panhandle Eastern Pipe Line Company, LP*

## Certificate of Service

On August 8, 2025, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

<i>/s/ Saurabh Sharad</i><br>
Saurabh Sharad<br>
Assistant United States Attorney