IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff/Counter-Defendant,<br><br>v.<br><br>PANHANDLE EASTERN PIPE LINE COMPANY, LP,<br><br>        Defendant/Counterclaimant. | Civil Action No. 3:25-CV-01001-L |

## UNITED STATES OF AMERICA'S ANSWER TO COUNTERCLAIM

The United States of America files this Answer to the Counterclaim filed by Defendant/Counterclaimant Panhandle Eastern Pipe Line Company, LP (PEPL), ECF No. 10. Answering the allegations of each numbered paragraph of the counterclaim, the United States responds as follows:

1.  The United States admits that PEPL brings this action to challenge the constitutionality of provisions of the Pipeline Safety Act but denies that PEPL is entitled to any relief.

2.  Admitted.

3.  Admitted.

4.  Denied.

5. Paragraph 5 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 5 are denied and do not entitle PEPL to any relief.

6. Denied.

7. Admitted that PEPL's counterclaim raises a question under the United States Constitution.

8. Admitted.

9. Admitted.

10. The first two sentences are admitted. With respect to the remaining sentences, the United States does understand Energy Transfer to be headquartered in Dallas and to operate one of the largest natural gas pipeline systems in the United States, but otherwise the United States lacks sufficient knowledge or information to admit or deny this paragraph.

11. The United States admits that it brought this this action at the request of the Secretary of Transportation. 49 U.S.C. § 60120(a).

12. Denied.

13. Paragraph 13 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 13 are denied and do not entitle PEPL to any relief.

14. The first sentence of paragraph 14 is denied. The remainder of Paragraph 14 consists of conclusions of law to which no response is required. To the extent a further

response is required, the allegations in paragraph 14 are denied and do not entitle PEPL to any relief.

15. The first sentence of paragraph 15 is denied. The remainder of Paragraph 15 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 15 are denied and do not entitle PEPL to any relief.

16. Denied.

17. Denied.

18. Admitted that among other things section 60102 of the Pipeline Safety Act authorizes PHMSA to prescribe safety standards in this regard.

19. Admitted that PHMSA has promulgated regulations as directed by the Pipeline Safety Act, as referenced in this paragraph.

20. The first two sentences of Paragraph 20 purport to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.*, and regulations promulgated thereunder. The United States refers the Court to the statute and the regulations as the best evidence of their content. To the extent a further response is required, the allegations in the first two sentences of paragraph 20 are denied and do not entitle PEPL to any relief. The last sentence of paragraph 20 is denied.

21. Paragraph 21 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the statute as the best evidence of its contents. To the extent a further response is required, the allegations in paragraph 21 are denied and do not entitle PEPL to any relief.

22. Paragraph 22 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.*, and regulations promulgated thereunder. The United States refers the Court to the statute and the regulations as the best evidence of their content. To the extent a further response is required, the allegations in paragraph 22 are denied and do not entitle PEPL to any relief.

23. Paragraph 23 purports to characterize regulations promulgated under the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the regulations as the best evidence of their content. To the extent a further response is required, the allegations in paragraph 23 are denied and do not entitle PEPL to any relief.

24. Paragraph 24 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.*, regulations promulgated thereunder, and other administrative materials. The United States refers the Court to the statute, the regulations, and the cited materials as the best evidence of their content. To the extent a further response is required, the allegations in paragraph 24 are denied and do not entitle PEPL to any relief.

25. Paragraph 25 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq.*, and regulations promulgated thereunder. The United States refers the Court to the statute and the regulations as the best evidence of their content. To the extent a further response is required, the allegations in paragraph 25 are denied and do not entitle PEPL to any relief.

26. The first two sentences of paragraph 26 purport to characterize regulations promulgated under the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the regulations as the best evidence of their content. The remainder of

paragraph 26 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 26 are denied (including the third sentence) and do not entitle PEPL to any relief.

27. Paragraph 27 purports to characterize regulations promulgated under the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*., and other administrative materials. The United States refers the Court to the regulations and the cited materials as the best evidence of their content. To the extent a further response is required, the allegations in paragraph 27 are denied and do not entitle PEPL to any relief.

28. Paragraph 28 purports to characterize administrative materials. The United States refers the Court to the cited materials as the best evidence of their contents. To the extent a further response is required, the allegations in paragraph 28 are denied and do not entitle PEPL to any relief.

29. Admitted that the quoted material in the second sentence can be found in the cited source; otherwise this paragraph is denied.

30. The first two sentences of paragraph 30 purport to characterize regulations promulgated under the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the regulations as the best evidence of their content. The remainder of paragraph 30 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 30 are denied and do not entitle PEPL to any relief.

31. Paragraph 31 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the statute as the best evidence of

its contents. To the extent a further response is required, the allegations in paragraph 31 are denied and do not entitle PEPL to any relief.

32. Paragraph 32 purports to characterize the Pipeline Safety Act, 49 U.S.C. § 60101, *et seq*. The United States refers the Court to the statute as the best evidence of its contents. To the extent a further response is required, the allegations in paragraph 32 are denied and do not entitle PEPL to any relief.

33. Paragraph 33 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 33 are denied and do not entitle PEPL to any relief.

34. The United States admits that, on March 26, 2020, PEPL personnel were engaged in the course and scope of their duties at PEPL's Borchers Station near Meade, Kansas. The United States further admits that cleaning pigs are devices used when servicing pipelines. The remainder of the allegations are denied.

35. The United States admits that a cleaning pig struck and fatally injured a PEPL employee. The remainder of the allegations are denied.

36. The United States admits that the Pipeline and Hazardous Materials Safety Administration (PHMSA) conducted an on-site investigation at Borchers Station. The United States further admits that, on June 15, 2024, PHMSA initiated an administrative enforcement against PEPL to recover civil monetary penalties for the violations that led to the fatal incident at the Borchers Station. The remainder of the allegations are denied.

37. Denied.

38. Denied.

39. Denied.

40. The United States admits that PEPL contested PHMSA's administrative proceeding and requested a hearing. The remainder of the allegations are denied.

41. Denied.

42. Denied.

43. Denied.

44. The United States admits that PEPL initiated a civil action in the Northern District of Texas. The remainder of the allegations are denied.

45. The United States admits that PHMSA terminated its administrative proceeding on April 22, 2025. The United States further admits that it initiated this judicial enforcement proceeding on April 22, 2025. The remainder of the allegations are denied.

46. The United States reincorporates its answers to the allegations in the preceding paragraphs.

47. Paragraph 47 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 47 are denied and do not entitle PEPL to any relief.

48. Paragraph 48 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 48 are

denied and do not entitle PEPL to any relief.

49. Paragraph 49 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 49 are denied and do not entitle PEPL to any relief.

50. Paragraph 50 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 50 are denied and do not entitle PEPL to any relief.

51. Paragraph 51 consists of conclusions of law to which no response is required. To the extent a further response is required, the allegations in paragraph 51 are denied and do not entitle PEPL to any relief.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

The remaining paragraphs in the Counterclaim consists of PEPL's request for relief, which are not "allegations asserted against [the United States] by an opposing party" to which a response is required. Fed. R. Civ. P. 8(b)(1)(B). To the extent a response is deemed necessary, the United States denies that PEPL is entitled to any of the relief sought or requested.

Any allegation or averment in PEPL's Counterclaim that the United States has not specifically and expressly admitted above is denied.

## AFFIRMATIVE AND OTHER DEFENSES

As separate and complete defenses hereto, and without waiving any of the above, the United States offers the following:

1. PEPL's counterclaim fails to state a claim upon which relief can be granted.

2. PEPL lacks standing to bring the claim asserted in its counterclaim.

3. PEPL is not entitled to an award of fees or costs except as provided for by 28 U.S.C. § 2412.

The United States reserves the right to raise additional defenses that become apparent through the factual development of the case.

## PRAYER

The United States requests the following relief:

1. That PEPL take nothing by its counterclaim;

2. That the United States have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated: September 8, 2025.

Respectfully submitted,

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY

/s/ *Saurabh Sharad*
Saurabh Sharad
New York Bar No. 5363825

        Brian Stoltz
        Texas Bar 24060668
        Assistant United States Attorneys
        1100 Commerce Street, Third Floor
        Dallas, Texas 75242
        Telephone: 214-659-8600
        Facsimile:: 214-695-8807
        saurabh.sharad@usdoj.gov
        brian.stoltz@usdoj.gov

        Attorneys for the United States of America

## CERTIFICATE OF SERVICE

On September 8, 2025, I filed the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas; the parties are being served through the ECF system.

> */s/ Brian W. Stoltz*
> Brian W. Stoltz
> Assistant United States Attorney